[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13010
_____

D.C. Docket No. 1:12-cv-20717-MGC

R. REGINALD HYDE, II,
JOHN REYNOLDS,

Plaintiffs-Appellees,

ANTHONY SAUTA, *et al.*,

Plaintiffs,

versus

GEORGE IRISH,

Defendant-Appellant,

TIMOTHY J. KOENIG, *et al.*,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2020)

Before WILSON, MARCUS, and THAPAR,* Circuit Judges.

THAPAR, Circuit Judge:

A court can only decide an issue if it has the power to do so. The primary question in this appeal is whether a district court has the power to grant or deny sanctions (under the court's inherent powers or 28 U.S.C. § 1927) when it lacks subject-matter jurisdiction over the underlying case. We join our sister circuits in answering yes and affirm the denial of sanctions.

## I.

This story begins with a business idea and two Georges. George Irish, a residential real estate broker, wanted to turn a campground in the Florida Keys into a luxury housing development. George Hyde, a restauranteur and businessman, decided to invest in the project. Hyde and Irish had joined forces before, successfully investing in property throughout the Keys. Unfortunately, this project suffered a different fate. Due to a lack of financing, the development was never built and the property was foreclosed on. As a result, both parties lost their investments.

Hyde (along with other plaintiffs) sued Irish (along with other defendants). The plaintiffs alleged fraud, breach of fiduciary duty, and conspiracy to defraud,

---

* Honorable Amul R. Thapar, United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

among other things. The district court eventually granted summary judgment to Irish. On appeal, the Eleventh Circuit noted some uncertainty about its subject-matter jurisdiction and remanded the case back to the district court to determine whether there was still diversity jurisdiction. The district court then dismissed the case for lack of subject-matter jurisdiction.

During all this, the parties were also locked in a separate dispute about sanctions. Irish moved for sanctions against the plaintiffs and their attorneys because he believed that they knowingly lied in their complaint. The complaint alleged that the plaintiffs' financial contribution to the project was improperly disbursed for the benefit of others—not for the joint venture. And Irish believed that the plaintiffs knew (or should have known) that those allegations were false. But the district court found otherwise and denied the motion for sanctions.

That brings us to the two questions in this appeal: (1) did the district court lack jurisdiction over the sanctions dispute because it lacked jurisdiction over the underlying case? And (2) did the district court correctly deny the motion for sanctions?

## II.

In the world of jurisdiction, there's an important distinction between the underlying case or controversy and certain "collateral" matters. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The former includes the merits of the

3

dispute as well as many procedural questions. The latter includes a limited set of issues "collateral to the merits" of the case. *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992). Think things like "the imposition of costs, attorney's fees, and contempt sanctions." *Cooter & Gell*, 496 U.S. at 396.

Although we call these issues "collateral," that doesn't make them any less important. Many involve the power to enforce compliance with the rules and standards that keep the judiciary running smoothly. *See Willy*, 503 U.S. at 137, 139. Without them, "abuses of the judicial system" would go unchecked, "burdening courts and individuals alike with needless expense and delay." *Cooter & Gell*, 496 U.S. at 397–98. And that's not just a matter of procedure. Because justice delayed is justice denied, these powers ensure that justice is done.

The distinction between the underlying case and collateral issues is important when it comes to jurisdiction because it affects a court's power to decide an issue. Once a court loses jurisdiction over a case, it may no longer decide issues arising out of that case. *See, e.g.*, *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804). But it can still decide certain "collateral" issues related to the case. *See Cooter & Gell*, 496 U.S. at 395.

Here, all agree that the district court lacked subject-matter jurisdiction over the case. So the question for us is whether Irish's motion for sanctions under the district court's inherent powers or § 1927 was a part of the underlying case (which

4

would mean that the court lacked the power to rule on the motion) or a "collateral" issue (which would mean that it had the power to do so).

Fortunately, we don't approach this question on a blank slate. The Supreme Court has told us that sanctions under Federal Rule of Civil Procedure 11 are a "collateral" issue and thus a court may decide a Rule 11 sanctions motion even if it lacks jurisdiction over the underlying case. *See Willy*, 503 U.S. at 137–39. The decision reasoned that exercising jurisdiction in this context was both constitutionally permissible and practically important.

On the first point, the Court explained that ruling on a Rule 11 motion "implicates no constitutional concern because it does not signify a district court's assessment of the . . . legal merits" of the case. *Id.* at 138 (cleaned up). Instead, it concerns "a collateral issue:  whether the attorney has abused the judicial process." *Id.* (cleaned up). And because a district court does not have to decide the merits to rule on a Rule 11 motion, it does not improperly consider the "'case or controversy' over which it lacks jurisdiction." *Id.*

On the second point, the Court reasoned that exercising jurisdiction over a Rule 11 motion is practically important because "[t]he interest in having rules of procedure obeyed" outlives the merits of a case. *Id.* at 139. This makes sense. The need to deter those who might violate the rules does not rise or fall with any particular case. It is an ever-present need of all courts. Simply put, district courts

5

need the power to rule on these issues to ensure "the maintenance of orderly procedure." *Id.* at 137.

Both these points apply equally to sanctions under a court's inherent powers or § 1927. These sanctions, like Rule 11 sanctions, do not require a court to rule on the merits of the underlying case. Our analysis in the next Part makes this clear. And the purpose of the sanctions outlasts the end of the case. Otherwise, parties who abuse the judicial procedures could get off scot-free anytime it turned out that the district court lacked subject-matter jurisdiction.

For good reason, then, all of our sister circuits to have faced this question have recognized jurisdiction in this context. *See, e.g.*, *Ratliff v. Stewart*, 508 F.3d 225, 231 n.7 (5th Cir. 2007); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006); *In re Jaritz Indus.*, 151 F.3d 93, 96–97 (3d Cir. 1998); *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 137–38 (4th Cir. 2020); *Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 931 (8th Cir. 2014).

Today, we join them and hold that a district court may address a sanctions motion based on its inherent powers or § 1927 even if it lacks jurisdiction over the underlying case.

## III.

With jurisdiction secure, we next consider whether the district court abused its discretion when it denied Irish's motion for sanctions. *See Amlong & Amlong,*

6

*P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237–38 (11th Cir. 2007).  It did not.  A sanctions motion under either a court's inherent powers or § 1927 requires a showing that the party acted in bad faith.  *See Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018); *Amlong*, 500 F.3d at 1239.  The district court properly found that Irish made no such showing.

First, a word on what bad faith means in each context.

In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith.  *See Hernandez*, 898 F.3d at 1306; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).  This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct "so egregious that it could only be committed in bad faith." *Purchasing Power*, 851 F.3d at 1224–25.  Evidence of recklessness alone won't suffice.  *Id.* at 1225.

Under § 1927, on the other hand, the party moving for sanctions must show *objective* bad faith.  *See Amlong*, 500 F.3d at 1239–41.  Usually, this means an attorney acted "knowingly or recklessly."  *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).  The statute imposes a "high standard" that requires the moving party to show that the other side engaged in behavior that "grossly deviates from reasonable conduct."  *Amlong*, 500 F.3d at 1240, 1242.  But although the standard is objective, the moving party may still rely on evidence of subjective bad

7

faith to make this showing. That's because an act done in subjective bad faith is also more likely to be objectively unreasonable. *See id.* at 1241.

With these principles in mind, consider this case. Irish argues that the plaintiffs included allegations in their complaint that they either knew or should have known were false. The paragraphs alleged that the plaintiffs' investment had been used for improper purposes and had been disbursed to Irish himself rather than the joint venture. (The plaintiffs later removed the offending paragraphs during the Rule 11 safe harbor period. *See* Fed. R. Civ. P. 11(c)(2).)

In support of this argument, Irish points to an exhibit attached to the complaint that, he says, made it obvious the allegations were false. The exhibit was a single page listing wire transfers. Among them were incoming transfers reflecting the plaintiffs' investment plus outgoing transfers of the same amount going to the developer or to banks. Irish reasons that these wire transfers show that the investment was used appropriately. After all, the same amount that came *in* from plaintiffs went *out* to the bank or the developer.

There are two problems with Irish's argument.

First, that's not the only way to read the exhibit. Another just-as-plausible reading is that defendants *first* disbursed the investment to the bank and only *then* improperly disbursed the funds. The exhibit only tells us something about where the funds initially went, not where they finally ended up. So it really doesn't tell us

8

much at all.  What's more, even if the exhibit did prove that the allegations were false, Irish hasn't shown that any falsity arose from more than mere negligence.  And negligent conduct, by itself, does not warrant sanctions under a court's inherent powers or § 1927.  *See Purchasing Power*, 851 F.3d at 1225; *Amlong*, 500 F.3d at 1241–42.

Second, the district court properly considered Irish's nearly three-year delay in bringing his sanctions motion.  If Irish were right that the falsity of the allegations was so obvious from the face of the complaint, then he should have raised his concern when the complaint was first filed (or at least closer in time to that point).  In failing to do so, he fell short of the requirement that a motion for sanctions "should be served promptly after the inappropriate paper is filed."  *Peer v. Lewis*, 606 F.3d 1306, 1312 (11th Cir. 2010) (cleaned up).  In short, the district court did not abuse its discretion.

We affirm.