**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3456
_____

IN RE: JEFFREY J. PROSSER,
Debtor

JEFFREY J. PROSSER

v.

TOBY GERBER; FULBRIGHT & JAWORSKI, LLP; RURAL TELEPHONE
FINANCE COOPERATIVE; DANIEL C. STEWART; JAMES J. LEE; RICHARD
LONDON; DUSTIN MCFAUL; VINSON & ELKINS, LLP; STAN SPRINGEL;
JAMES P. CARROLL; FOX ROTHSCHILD, LLP; GENOVESE, JOBLOVE &
BATTISTA, P.A.; PAUL BATTISTA; THERESA VAN VLIET; ALVAREZ &
MARSAL, LLC

NORMAN A. ABOOD; ROBERT F. CRAIG; AND LAWRENCE H. SCHOENBACH,
Appellants
_____

On Appeal from the District Court for the Virgin Islands
(District Court No. 3-19-cv-00048)
District Judge: Honorable Robert A. Molloy
_____

Argued
December 12, 2023

(Filed: March 22, 2024)

Before: HARDIMAN, KRAUSE, RENDELL, *Circuit Judges*.

_____

OPINION[*]

_____

Norman A. Abood [ARGUED]
Suite 101
136 N Huron Street
Toledo, OH 43604

Lawrence H. Schoenbach
Suite 901
111 Broadway
The Trinity Building
New York, NY 10006

    *Counsel for Appellants Norman A. Abood and Lawrence H. Schoenbach*

Robert F. Craig
Suite 203
14301 First National Bank Parkway
Omaha, NE 68154

    *Counsel for Appellant Robert F. Craig*

William H. Stassen [ARGUED]
Fox Rothschild
2000 Market Street
20th Floor
Philadelphia, PA 19103

    *Counsel for Appellee James P. Carroll, Chapter 7 Trustee*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

This appeal stems from a sanctions award entered against appellants Lawrence Schoenbach, Robert Craig, and Norman Abood (collectively, the "Appellants") by a bankruptcy judge temporarily assigned to the Virgin Islands Bankruptcy Division (the "Bankruptcy Court") pursuant to 28 U.S.C. § 155. Following an appeal to this Court, the sanctions award against them was reduced to judgment, and the District Court of the Virgin Islands summarily affirmed the judgment and denied the Appellants' motion for reconsideration. Schoenbach, Craig, and Abood appeal to this Court, urging, for the first time, that the Bankruptcy Court and the bankruptcy judge lacked the authority to enter the sanctions order against them.

We conclude that the issue raised by the Appellants is too little, too late, and we will affirm the District Court.

I[1]

Section 155 of Title 28 of the United States Code provides that "[a] bankruptcy judge may be transferred to serve temporarily as a bankruptcy judge in any judicial district other than the judicial district for which such bankruptcy judge was appointed upon the approval of the judicial council of each of the circuits involved." 28 U.S.C. § 155(a). Pursuant to § 155, the Judicial Council of the Third Circuit designated the Honorable Judith K. Fitzgerald to preside over bankruptcy cases in the Virgin Islands Bankruptcy Division.

---

[1]     Because we write only for the parties, we will recite only the facts necessary to our decision.

In 2006, Jeffrey Prosser filed a Chapter 11 bankruptcy petition in the Virgin Islands Bankruptcy Division. Attorneys Lawrence Schoenbach, Robert Craig, and Norman Abood represented Prosser, and his petition was converted into a Chapter 7 petition. James Carroll was appointed trustee of Prosser's estate.

In January 2010, the Appellants moved for an evidentiary hearing on what they alleged was a witness bribery scheme furthered by Carroll's counsel. In quick succession, the Appellants filed an adversary complaint in the Bankruptcy Court against Carroll and his counsel, objections to Carroll's quarterly applications for compensation and reimbursement of expenses, and a motion for a hearing on an alleged conflict of interest between Carroll and his counsel. In March 2010, the Bankruptcy Court denied the motion for an evidentiary hearing as against Carroll's counsel and likewise denied the conflict motion. Shortly thereafter, the Appellants voluntarily dismissed the claims in the motion for an evidentiary hearing as against Carroll and withdrew their fee objections.

In April 2010, Carroll filed a motion under 28 U.S.C. § 1927 for fees and costs incurred by the estate due to the Appellants' January filings. Bankruptcy Judge Fitzgerald found that the Appellants had "unreasonably and vexatiously multiplied proceedings in bad faith" and awarded Carroll $137,024.02 (the "Sanctions Order"). App. 13.

The Appellants failed to pay the sum in full. When Carroll filed a notice of default in January 2014, the Appellants appealed the Sanctions Order to the District Court of the Virgin Islands. In February 2014, the District Court vacated the Sanctions Order and remanded to the Bankruptcy Court. *See In re Prosser*, No. 11-cv-136, 2014 WL 585346, at

*7–9 (D.V.I. Feb. 14, 2014). The Bankruptcy Court then ordered that Carroll return what payments he had received under the Sanctions Order.

Carroll appealed the District Court's order. In January 2015, a panel of this Court reversed the District Court's order and remanded with instructions that the District Court reinstate the Sanctions Order. *See In re Prosser*, 777 F.3d 154, 163 (3d Cir. 2015).

After the reinstatement of the Sanctions Order, the Appellants still failed to make further payment. So, in June 2019, the Bankruptcy Court reduced the fee award to judgment under Federal Rule of Civil Procedure 58(b).

In July 2019, the Appellants appealed that ruling to the District Court. However, they failed to ever file a brief consistent with the District Court's scheduling order. Because of that failure, in March 2022, the District Court summarily affirmed the Bankruptcy Court's judgment, noting that the Sanctions Order was "on the record and was upheld by the Third Circuit." App. 15.

The Appellants filed a motion for reconsideration in March 2022. In October 2022, the Appellants filed a supplemental memorandum in support of their motion for reconsideration, arguing, for the first time in the course of this litigation, that the United States Bankruptcy Court of the Virgin Islands is not "legally constituted," such that the Sanctions Order was void *ab initio*, because our Judicial Council lacked statutory authority to transfer bankruptcy judges to sit in the Virgin Islands District Court, an Article IV territorial court. App. 128. The District Court denied the motion. Evaluating the Appellants' argument as "a last-ditch effort to upend the Bankruptcy Court's money judgment," App. 23, the District Court concluded that the Bankruptcy Court in the Virgin

5

Islands had jurisdiction and authority to adjudicate bankruptcy proceedings and issue valid orders under our opinion in *Vickers Assocs., Ltd. v. Urice (In re Jaritz Industries, Ltd.)*, 151 F.3d 93 (3d Cir. 1998).

The Appellants timely appealed to this Court.

II[2]

The Appellants argue that the Bankruptcy Court lacks constitutional and statutory authorization to adjudicate bankruptcy proceedings in the Virgin Islands, and thus its orders, including the Sanctions Order affecting the Appellants, are void *ab initio*. Carroll counters with several arguments including, *inter alia*, that the Appellants failed to timely raise the issue of whether the Bankruptcy Court lacked authority and thus forfeited that argument,[3] and regardless of whether the Bankruptcy Court's authority suffered from some defect, it had jurisdiction to impose the Sanctions Order. We agree that the Appellants have forfeited their argument by not raising it earlier, and, finding the Appellants' argument foreclosed by binding precedent, we decline to exercise our discretion to excuse the forfeiture.

---

[2] The District Court referred this matter to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and asserted jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d)(1), 1291, and 1294(3).

We review a district court's denial of a motion for reconsideration for abuse of discretion. *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 186 (3d Cir. 2021). However, we exercise *de novo* review to the extent the denial is based on legal issues. *Id*. We may affirm the decision below on any ground supported by the record. *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019).

[3] Forfeiture is "the failure to make the timely assertion of a right," while waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Although Carroll refers to the Appellants' failure to timely raise their Article III structural and statutory arguments as "waiver," in an effort to be precise, we will refer to the same failure as "forfeiture" throughout this opinion.

A

We first address whether the Appellants' claim was forfeitable. "No procedural principle is more familiar . . . than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U.S. 414, 444 (1944). The Appellants' challenge is effectively a challenge to the validity of the transfer of a bankruptcy judge to sit in the Bankruptcy Division of the Virgin Islands District Court. The Supreme Court has categorized Appointment Clause challenges to the authority of a judicial officers to preside over cases before them as "nonjurisdictional structural constitutional objections." *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878–79 (1991) (concluding that Appointments Clause challenge to the authority of a special trial judge in the Tax Court fit within the "nonjurisdictional structural constitutional objections" category); *see also Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd.*, 574 F.3d 748, 755–56 (D.C. Cir. 2009) (determining appellants had forfeited nonjurisdictional constitutional challenge to the validity of the appointment of Copyright Royalty Judges by the Library of Congress). Although this appeal does not involve an Appointments Clause challenge, the Appellants do raise a structural constitutional claim questioning which branch of government may transfer judicial officers to an Article IV territorial court. Finding caselaw on Appointments Clause challenges to be analogous and persuasive, we conclude that the Appellants raise a nonjurisdictional structural objection here, and it follows that their objection was forfeitable. *See Lucia v. Sec. & Exch. Comm'n*, 585 U.S. 237, 251 (2018) (specifying that "'one who makes a *timely* challenge

7

to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief" (emphasis added) (quoting *Ryder v. United States*, 515 U.S. 177, 182–83 (1995)).

We have discretion to consider such claims where they have not been timely raised below. *Freytag*, 501 U.S. at 878. In *Freytag*, the petitioners argued that the assignment of their complex case to a special trial judge in the Tax Court was not statutorily authorized, thus violating the Appointments Clause. *Id.* at 872. Although the *Freytag* petitioners only raised this argument on appeal, the Supreme Court agreed to take up the challenge on the merits because they considered the argument "neither frivolous nor disingenuous." *Id.* at 879. Nevertheless, the Court noted that it would exercise its discretion to hear such forfeited arguments only in "rare cases." *Id.*

This is not the type of rare case that would warrant an exercise of our discretion because it is essentially disingenuous. The Appellants offer no reasonable justification for raising their structural constitutional and statutory arguments twelve years after the Bankruptcy Court entered the Sanctions Order, seven years after this Court upheld the validity of the sanctions, three years after the Bankruptcy Court reduced the sanctions to judgment, and six months after the Appellants had filed a motion for reconsideration in the District Court. At oral argument, by way of explanation for this extraordinary delay, Mr. Abood conceded only that he had "never, in [his] career of 40 years, . . . had to look at the issue of the structural integrity of the way the courts are composed." Oral Arg. Recording at 3:35–43. The Supreme Court case, *Nguyen v. United States*, 539 U.S. 69 (2003), that the Appellants rely upon and argue implicitly overrules our directly relevant precedent, *In re*

8

*Jaritz*, 151 F.3d 93, is not recent; *Nguyen* was decided over twenty years ago, several years before the bankruptcy petition underlying this appeal was even filed. Because the Appellants failed to exercise appropriate diligence, they lost countless opportunities to raise their constitutional and statutory arguments before the courts below. The remarkable timeline of this appeal does little to assuage concerns that the Appellants have been engaged in a disingenuous "practice of 'sandbagging': suggesting or permitting, for strategic reasons, that the [lower] court pursue a certain course, and later—if the outcome is unfavorable—claiming that the course followed was reversible error." *Freytag*, 501 U.S. at 895 (Scalia, J., concurring in part and concurring in the judgment). As is obvious, for over twelve years, they have had the use of the funds that should have been paid pursuant to the various orders against them.

The Appellants urge that we should excuse their lack of timeliness, looking primarily to *Nguyen*. In *Nguyen*, the Supreme Court considered whether a Ninth Circuit panel consisting of two Article III judges and one Article IV judge had the authority to decide the petitioners' appeals, notwithstanding the petitioners' failure to object to the panel's composition in the Court of Appeals. 539 U.S. at 74–77. But there, the Supreme Court exercised its discretion to consider the forfeited issue under its Rule 10(a) supervisory power. *Id.* at 73–74. The *Nguyen* majority considered the statutory violation at issue to "embod[y] a strong policy concerning the proper administration of judicial business," *id.* at 78 (quoting *Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962) (plurality opinion of Harlan, J.)), noting particularly that an improperly constituted *panel* of Article III judges raised appellate jurisdictional concerns. *Id.* at 83 n.17. As we have explained, we view the Appellants'

constitutional structural claim here as nonjurisdictional, and as we will explain further below, no other rationale motivates us to excuse the Appellants' tardiness.

B

The Appellants' argument is also frivolous because, even assuming *arguendo* that the Bankruptcy Court lacked authorization to adjudicate the Prosser bankruptcy proceedings on the merits, it is clear that the Bankruptcy Court would still have had the power to impose sanctions on the Appellants as attorneys appearing before it under *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), as interpreted by our decision in *Jaritz*, 51 F.3d at 96–97.

Judge Fitzgerald imposed sanctions on the Appellants under § 1927, which provides that

> [a]ny attorney . . . admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Supreme Court has held that even where a district court lacks subject matter jurisdiction over the merits of a case, it retains jurisdiction to impose sanctions on attorneys. *See Willy*, 503 U.S. at 137 ("[A] determination [that a court lacks subject matter jurisdiction] does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction."). The *Willy* Court reasoned that "the maintenance of orderly procedure, even in the wake of a jurisdiction ruling later found to be mistaken . . . justifie[d] the conclusion that [a] sanction ordered . . . need not be upset." *Id.* Having sanctions orders

10

stand in such circumstances does not raise any "constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules in the interim." *Id.* at 139.

In *Jaritz*, we applied the rationale in *Willy* to facts like those before us now.[4] *See In re Jaritz*, 151 F.3d at 96–97. Here, just as in *Jaritz*, the Appellants do not deny that the bankruptcy judge imposing sanctions was "a duly appointed judge with the authority to exercise the judicial power of the United States in bankruptcy matters," at least in her own district. *Id.* at 97. Judge Fitzgerald, Carroll, and the Appellants' client, Prosser, each "had a substantial interest in the proceedings being conducted in an orderly manner," an interest that did not retroactively fade away the moment the Appellants questioned the Bankruptcy Court's authority to hear the underlying merits of the case. *Id.* As officers of the court, the Appellants had a duty to comport themselves appropriately before the Bankruptcy Court "unless and until it is finally determined that the apparent authority of [the bankruptcy judge] is invalid." *Id.* Under *Jaritz*, we perceive no constitutional concern arising from a decision to let the sanctions against the Appellants stand, particularly given our interest in maintaining order in the courts below.

---

[4] We note that *Willy* involved Rule 11 sanctions, *Willy*, 503 U.S. at 137, and *Jaritz* involved parallel sanctions under Federal Rule of Bankruptcy Procedure 9011. *In re Jaritz*, 151 F.3d at 96. The Bankruptcy Court here imposed sanctions under 28 U.S.C. § 1927, but we see no reason to draw a distinction on that basis. That is because § 1927 sanctions similarly do not require a determination on the merits of the case and are imposed to curb "unreasonabl[e] and vexatious[]" litigant behavior to maintain orderly procedure within the courts. 28 U.S.C. § 1927; *see also Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (holding that a district court may address § 1927 motions notwithstanding a lack of jurisdiction over the underlying case).

In short, we need not weigh in on the authority of the Bankruptcy Court to hear the merits of the underlying Prosser bankruptcy litigation because this appeal centers upon the Sanctions Order, which is not only collateral to the merits of the case, but has since been reduced to judgment. *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 156–57 (3d Cir. 1997) (recognizing "abundant authority permitting the imposition of sanctions in the absence of jurisdiction over a case" to the extent such sanctions do not terminate a case on the merits). The Appellants' complete failure to confront the effects of the primary holding in *Jaritz* on their argument militates further against our exercise of discretion to consider their forfeited argument.

IV

For the foregoing reasons, we will affirm the judgment of the District Court and the order of the District Court denying the Appellants' motion for reconsideration.

HARDIMAN, *Circuit Judge*, concurring, with whom KRAUSE, *Circuit Judge*, joins.

I agree with my colleagues that we should not excuse Appellants' forfeiture and that *In re Jaritz Industries, Ltd.*, 151 F.3d 93 (3d Cir. 1998), requires us to affirm the sanctions order. I write separately to suggest that our Court reconsider *Jaritz* in an appropriate case. Given the consequences that would follow from reconsidering *Jaritz*, I also suggest that Congress consider filling a lacuna in the statutory scheme governing bankruptcy courts.

The majority faithfully applies *Jaritz*'s holding that the Virgin Islands Bankruptcy Court (VIBC) may impose valid sanctions even if that Court is unlawfully constituted. *See Jaritz*, 151 F.3d at 96–97. In holding as much, *Jaritz* extended the Supreme Court's precedent in *Willy v. Coastal Corp.*, 503 U.S. 131 (1992). But I'm not sure that this extension was proper. *Willy* held that "in the circumstances presented [t]here," "a federal district court may impose [Rule 11] sanctions . . . in a case in which the district court is later determined to be without subject-matter jurisdiction." 503 U.S. at 132. As *Jaritz* conceded, "[t]he authority of the sanctioning judge to sit in his district was not challenged in *Willy*." 151 F.3d at 96. So *Willy* involved sanctions imposed by an undisputedly valid court with the authority to hear cases. But this appeal involves sanctions imposed by an arguably invalid court with no adjudicative authority.

I perceive a strong textual argument that there is no statutory basis for the existence of the VIBC. The provisions that authorize bankruptcy courts in the federal judicial districts, 28 U.S.C. § 151 *et seq.*, use the terms "judicial district" and "district court" as those terms are defined by 28 U.S.C. § 451. Yet Congress's definition of

1

"judicial district" does not include the Virgin Islands, and its definition of "district court" does not include the Virgin Islands District Court. *See* 28 U.S.C. § 451. So Congress has not established the VIBC. *See Nguyen v. United States*, 539 U.S. 69, 74–76 (2003). But that argument is foreclosed by *Jaritz*, which atextually declined to apply the § 451 definitions and held that the VIBC was lawfully constituted. *See* 151 F.3d at 100–01.

Although *Jaritz*'s weakness makes it a candidate for overruling, the gap in 28 U.S.C. § 151 *et seq.* presents a serious problem of judicial administration for the Virgin Islands. If we hold that Congress has not authorized a bankruptcy court for the Virgin Islands, the VIBC's caseload will fall to the already oversubscribed Virgin Islands District Court. *See* 28 U.S.C. § 152(a)(4). Congress can avert this potential problem by amending 28 U.S.C. § 152 to provide a bankruptcy court for the Virgin Islands.

With these observations, I concur.